UNITED STATES of America, Appellant,

v.

**Abel PEREZ–PONCE, also known as Eulalio Gutierrez, Appellee.**

**No. 94–4066.**

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1995.

Decided Aug. 16, 1995.

Abel Perez–Ponce, Sioux City, IA, pro se.

Jack A. Faith, Sioux City, IA, for Abel Perez–Ponce.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

ROSS, Senior Circuit Judge.

The government appeals from an order of the district court suppressing the use of evidence of a deportation hearing in the criminal matter charging Abel Perez–Ponce (appellee), with unauthorized reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). We reverse.

In February or March 1987, the appellee, a Mexican native, was convicted of a felony in Utah. The Utah court suspended the period of confinement on the condition that the appellee voluntarily relinquish his permanent residence status in the United States. Shortly thereafter, appellee returned to Mexico. Sometime later in 1987, appellee returned to the United States, and on July 11, 1990, he was convicted of distribution of a controlled substance. Following a hearing on November 9, 1990, the appellee was ordered deported to Mexico after he was released from the state penitentiary. He was eventually deported on June 5, 1992. The appellee was then found in Sioux City, Iowa, on or about March 30, 1994, and on May 25, 1994, he was indicted on charges of unauthorized reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2) (section 1326 offense).

The appellee moved the district court to suppress evidence of the deportation proceedings on the basis that he was denied a fundamentally fair deportation hearing in violation of his due process rights. Specifically, he claims the hearing was not conducted in accordance with the clear requirements of 8 C.F.R. § 242.16, and that therefore the deportation proceedings could not be used as an element of the section 1326 offense. 8 C.F.R. § 242.16 provides in relevant part:

> The Immigration Judge shall advise the respondent of his right to representation, at no expense to the Government, by counsel of his own choice ... and require him

Timothy Thomas Jarman, U.S. Attorney's Office, Sioux City, IA, for U.S.

to state then and there whether he desires representation; advise the respondent of the availability of free legal services programs ..., ascertain that the respondent has received a list of such programs, and a copy of Form I–618, Written Notice of Appeal Rights; ....

The district court entered an order suppressing evidence of the deportation hearing, concluding that the immigration law judge (ILJ) failed to: (1) advise the appellee of his right to free legal services; (2) determine whether the appellee had obtained a list of such programs; and (3) determine whether the appellee had received a copy of Form I–618, the written notice of appeal rights. Because the district court found the ILJ violated the 8 C.F.R. § 242.16 administrative regulations, the court concluded that the deportation hearing was fundamentally unfair and violated appellee's right to due process.

▮ In *United States v. Mendoza–Lopez*, 481 U.S. 828, 841–42, 107 S.Ct. 2148, 2156–56, 95 L.Ed.2d 772 (1987), the Supreme Court held that an alien charged with illegal reentry after deportation may collaterally challenge the validity of his deportation in a subsequent criminal prosecution if the deportation proceeding effectively eliminated his right to obtain judicial review of his deportation. The law is clear that in order to succeed on a collateral challenge of a deportation order, a defendant must demonstrate, not only that the deportation hearing was so defective as to effectively foreclose his right to a direct judicial review of the deportation, but also that he suffered actual prejudice from those defects. *See United States v. Santos–Vanegas*, 878 F.2d 247, 251 (8th Cir. 1989); *United States v. Espinoza–Farlo*, 34 F.3d 469, 471 (7th Cir.1994); *United States v. Proa–Tovar*, 975 F.2d 592, 595 (9th Cir.1992) (en banc). "If [the alien] cannot make either one of these showings, the deportation order may be used to establish an element of a criminal offense." *Espinoza–Farlo, supra*, 34 F.3d at 471.

▮ While the ILJ in the present case might have been more specific with the § 242.16 requirements, we do not consider whether appellee's right to appeal was effectively denied as a result of any alleged er-

rors. Instead we dispose of this case based on our conclusion the appellee has failed to show that he was prejudiced by any alleged error in the deportation proceedings.

▮ For the purpose of this analysis, a showing of prejudice means "there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." *United States v. Encarnacion–Galvez*, 964 F.2d 402, 407 (5th Cir.), *cert. denied,* ——— U.S. ———, 113 S.Ct. 391, 121 L.Ed.2d 299 (1992). "If the defendant was legally deportable and, despite the INS's errors, the proceeding 'could not have yielded a different result,' the deportation is valid for purposes of section 1326." *United States v. Galicia–Gonzalez*, 997 F.2d 602, 603 (9th Cir. 1993) (quoting *Proa–Tovar, supra*, 975 F.2d at 595). In *Proa–Tovar*, the Ninth Circuit stated:

> Here it is essentially conceded that a direct appeal [from the order of deportation] could not have yielded a different result. By all accounts, Proa–Tovar would have been deported anyway. The lack of a direct appeal only resulted in his leaving at a somewhat earlier time. Upon his illegal reentry he would have stood before the courts just as he does now. The fact that the IJ did not punctiliously follow the law and regulations regarding direct appeals has made no legal difference at all.

*Proa–Tovar, supra*, 975 F.2d at 595.

In the present case, the appellee was clearly eligible for deportation. He had been deported for a prior felony conviction; the existence of the felony is undisputed. In fact, appellee freely admitted his state drug trafficking conviction at his deportation hearing. As a previously convicted drug trafficker, the appellee was presumed to be deportable. 8 U.S.C. §§ 1101(a)(43) and 1251(a)(2)(A)(iii). In short, whatever the procedural defects at his deportation hearing, the appellee "would have had no chance of winning an appeal." *Espinoza–Farlo, supra*, 34 F.3d at 471–72.

Accordingly, the appellee failed to demonstrate that he was prejudiced by any alleged procedural defects at his deportation hearing and we conclude the district court erred in

suppressing evidence of the deportation proceeding.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.