UNITED STATES of America,
Plaintiff–Appellee,

v.

Felipe TORRES–SANCHEZ, also known as Carlos Sanchez, also known as Felipe Lopez, also known as Carlos Fernandez, also known as Felipe Torres–Lopez, also known as Ramiro Hypolito–Sanchez, also known as Tomas Fernandez–Sanchez, also known as Felipe Lopez–Torres, also known as Felipe Torres, also known as Felipe Torrez–Lopez, also known as Carlos Hypolito–Sanchez, also known as Raymond Saenz, also known as Jesus Medina–Almada, also known as Remedios Fernandez–Sanchez, also known as Carlos Hipolito–Sanchez, also known as Felipe Torrez, Defendant–Appellant.

No. 95–1457.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1995.

Decided Oct. 13, 1995.

Fredilyn Sison, Asst. Federal Public Defender, of Omaha, Nebraska, argued, for appellant.

Daniel Alan Morris, Asst. U.S. Attorney, of Omaha, Nebraska, argued, for appellee.

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Felipe Torres–Sanchez entered a conditional plea of guilty to a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Torres–Sanchez reserved the right to appeal the district court's [1] denial of his pretrial motion

1. The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska,

to dismiss, in which he collaterally attacked the constitutional validity of his prior deportation hearing. We affirm.

## I.

Felipe Torres–Sanchez is a Mexican national. He entered the United States on March 29, 1989, at Laredo, Texas. The same day, he was deported to Mexico for entering without being inspected or admitted by a United States Immigration Officer. Shortly thereafter, he returned to this country without the consent of the United States Attorney General. He was convicted in Nebraska of attempted possession of cocaine in October 1989 and of distribution of a controlled substance in May 1990. Based upon these Nebraska state drug convictions and his earlier deportation, an Immigration Law Judge (ILJ) entered a new deportation order against Torres–Sanchez after a hearing on June 6, 1991, again deporting him to Mexico.

Despite this deportation order, Torres–Sanchez returned to Nebraska. On June 17, 1994, the government filed a one-count indictment, charging him with the felony of unlawful reentry after deportation and after having been convicted of an aggravated felony. 8 U.S.C. § 1326(b). The definition of an aggravated felony includes a conviction for illicit trafficking of a controlled substance. 8 U.S.C. § 1101(a)(43)(B). Torres–Sanchez mounted a collateral attack against the prior predicate deportation by filing a motion to dismiss the indictment. He argued that several errors which he says occurred at the deportation hearing, including the denial of his right to counsel, violated his right to due process, and thus the 1991 deportation could not be used as the predicate to this criminal offense. Following an evidentiary hearing, the magistrate judge recommended that the district court deny the motion to dismiss, concluding among other things that Torres–Sanchez had knowingly and intelligently waived his right to counsel at the deportation hearing. The district court adopted the report and recommendation in its entirety and

adopting the report and recommendation of the Honorable Kathleen A. Jaudzemis, United States

denied Torres–Sanchez's motion to dismiss the indictment.

Torres–Sanchez ultimately entered a conditional plea of guilty, reserving his right to appeal the disposition of his pretrial motion to dismiss. The district court sentenced him to 46 months of imprisonment to be followed by 3 years of supervised release.

## II.

■ Torres–Sanchez now appeals, contending that the district court erred by denying his motion to dismiss the indictment in which he collaterally attacked the constitutional validity of his June 6, 1991, deportation proceeding. Specifically, he contends that he was deprived of his right to counsel and suffered prejudice as a result. We review de novo the district court's denial of the motion to dismiss because it addresses a mixed question of law and fact, involving the determination of whether the facts establish a constitutional violation. *See Falls v. Nesbitt*, 966 F.2d 375, 377 (8th Cir.1992) (findings of fact will not be set aside except for clear error, but we review de novo whether the facts establish a constitutional violation). *See also United States v. Valdez*, 917 F.2d 466, 468 (10th Cir.1990) (de novo review for collateral attack on deportation proceeding in § 1326 prosecution because it is a mixed question of law and fact involving constitutional rights).

■ Section 1326 provides for the prosecution of an alien who, having been previously deported and previously convicted of an aggravated felony, reenters the United States without the consent of the Attorney General. 8 U.S.C. § 1326(b). In a section 1326 prosecution for illegal reentry, proof that the prior deportation was lawful is not required as an element of the offense. *United States v. Mendoza–Lopez*, 481 U.S. 828, 837, 107 S.Ct. 2148, 2154–55, 95 L.Ed.2d 772 (1987). The Supreme Court in *Mendoza–Lopez* discerned that "[t]he text and background of § 1326 indicate no congressional intent to sanction challenges to deportation orders in proceedings under § 1326." *Id.* Nevertheless, the

Magistrate Judge for the District of Nebraska.

Court recognized that in certain circumstances, such a challenge is required to ensure due process. *Id.*

■ In a section 1326 prosecution, the defendant may collaterally attack the underlying deportation proceedings and prevent the government from using them as a basis for conviction if (1) an error in the deportation proceedings rendered the proceedings fundamentally unfair in violation of due process, *and* (2) the error functionally deprived the alien of the right to judicial review.[2] *Mendoza–Lopez,* 481 U.S. at 840, 107 S.Ct. at 2156. *See United States v. Encarnacion–Galvez,* 964 F.2d 402, 406 (5th Cir.) (noting that *Mendoza–Lopez* presupposes a two-step process), *cert. denied,* —— U.S. ——, 113 S.Ct. 391, 121 L.Ed.2d 299 (1992). Both components are required for a successful collateral attack. *Encarnacion–Galvez,* 964 F.2d at 406. We begin our analysis with the first component of *Mendoza–Lopez*—determining whether Torres–Sanchez's deportation hearing was fundamentally unfair in violation of the Due Process Clause.

■ In this circuit, the establishment of a fundamentally unfair hearing in violation of due process requires a showing both of a fundamental procedural error[3] and that the error caused prejudice; an error cannot render a proceeding fundamentally unfair unless that error resulted in prejudice. *See United States v. Polanco–Gomez,* 841 F.2d 235, 237 (8th Cir.1988) ("a defendant must show prejudice to successfully collaterally attack a deportation hearing on due process grounds").

Other circuits follow this rule as well. *See United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir.1992) (en banc); *Encarnacion–Galvez,* 964 F.2d at 407 (5th Cir.); *Valdez,* 917 F.2d at 469 (10th Cir.); *United States v. Holland,* 876 F.2d 1533, 1537 (11th Cir.1989). Actual prejudice exists where defects in the deportation proceedings "may well have resulted in a deportation that would not otherwise have occurred." *United States v. Santos–Vanegas,* 878 F.2d 247, 251 (8th Cir. 1989).

■ Torres–Sanchez contends that he was deprived of his right to counsel at the deportation proceeding and that he was prejudiced by the absence of counsel. While an alien has the statutory right to counsel at his own expense pursuant to 8 U.S.C. § 1252(b)(2),[4] there is no Sixth Amendment right to appointed counsel at a deportation hearing. *United States v. Campos–Asencio,* 822 F.2d 506, 509 (5th Cir.1987). *See also Acewicz v. United States Imm. & Nat. Serv.,* 984 F.2d 1056, 1062 (9th Cir.1993); *Nazakat v. Immigration and Nat. Serv.,* 981 F.2d 1146, 1148 (10th Cir.1992). Nevertheless, in some circumstances, depriving an alien of the right to counsel may rise to a due process violation. *See Campos–Asencio,* 822 F.2d at 509–10 (remanding for development of record in order to consider properly whether alleged deprivation of counsel amounted to due process violation). *See also Prichard–Ciriza v. Immigration & Nat. Serv.,* 978 F.2d 219, 222 (5th Cir.1992) (requiring an alien to "demonstrate prejudice which implicates the funda-

2. In *Mendoza–Lopez,* the Supreme Court, by request of the government, assumed that the error, which was the ILJ's failure to inform the aliens of their right to appeal and of their right to apply for suspension of deportation, was "fundamentally unfair." 481 U.S. at 839–40, 107 S.Ct. at 2155–56. Thus, the Court focussed its attention on the second component, determining whether this fundamentally unfair error effectively denied the aliens' right to appeal, reasoning that "where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding." *Id.* at 838–39, 107 S.Ct. at 2155. The Court concluded that the fundamental error in that case effectively deprived the aliens of review of the administrative decision, and therefore, the government was not allowed to use the

prior deportation proceeding to support a criminal conviction under section 1326. *Id.* at 842, 107 S.Ct. at 2157.

3. Although the *Mendoza–Lopez* Court involved errors of the ILJ in failing to inform the aliens of their right to judicial review or of their right to apply for suspension of deportation, the Court expressly opined that other procedural errors might be so fundamental that they, too, could functionally deprive an alien of judicial review but declined to enumerate them. *Id.* at 839 n. 17, 107 S.Ct. at 2155 n. 17.

4. The Immigration and Naturalization Service (I.N.S.) regulations require the ILJ to inform aliens of this statutory right to counsel and to give them a list of free legal service organizations. 8 C.F.R. § 242.16(a) (1995).

mental fairness of the proceeding" in order to collaterally attack a deportation proceeding based upon deprivation of the right to representation) (internal quotations omitted); *Castro–O'Ryan v. United States Dep't of Imm. & Nat.*, 847 F.2d 1307, 1313 (9th Cir. 1987) (stating that if prejudice to the alien is sufficiently great, there may be a denial of due process). An alien may voluntarily waive representation by counsel, however, and that waiver will be respected. *See Montilla v. Immigration & Nat. Serv.*, 926 F.2d 162, 169 (2d Cir.1991).

■■■■ The district court concluded that Torres–Sanchez was not deprived of counsel but knowingly waived his statutory right to counsel, and we agree. The record indicates that at the 1991 deportation hearing, the ILJ informed Torres–Sanchez of his right to representation and offered him ample opportunity to obtain counsel by granting a continuance for that purpose. Torres–Sanchez did in fact confer with counsel prior to the rescheduled deportation hearing, but the attorney did not take the case. At the rescheduled hearing on June 6, 1991, Torres–Sanchez again appeared without counsel, and before proceeding, the ILJ again inquired as to the reason he appeared without counsel. Torres–Sanchez responded, "I feel that I am going to be deported to Mexico so maybe I don't need an attorney." (Deportation Hr'g Tr. at 9.) The ILJ informed him that although he had a right to counsel, he could proceed without counsel if he did not want an attorney and had not made arrangements for one; Torres–Sanchez responded, "Okay." (*Id.* at 9–10.) Torres–Sanchez stated that after consulting with an attorney before the rescheduled hearing, he gave up and became very discouraged. Although Torres–Sanchez expressed some frustration over his attempt to obtain counsel, that frustration, in our view of the record, stemmed from his realization that he faced the inevitable consequence of deportation, not from a lack of opportunity to retain counsel. In any event, the mere inability to obtain counsel does not constitute a violation of due process. *Nazakat*, 981 F.2d at 1148. Torres–Sanchez responded on

the record, after conferring with an attorney sometime before the continued hearing took up, that he did not think he needed counsel. In light of all the circumstances, we conclude that the ILJ's decision to proceed with the hearing was not improper.

■■■■ Torres–Sanchez argues that the ILJ failed to require him to state "then and there" whether he desired representation, as mandated by I.N.S. regulations. *See* 8 C.F.R. § 242.16(a) (stating that ILJ must advise alien of his right to representation "and require him to state then and there whether he desires representation"). Even assuming some technical violation of the regulation, Torres–Sanchez was certainly aware of his right to counsel. The violation of a regulation delineating the particulars of a statutory right to counsel does not rise to the type of fundamental error contemplated in *Mendoza–Lopez*. "Failure to ensure that a potential deportee knows and fully understands each and every one of his rights under I.N.S. regulations is not a deprivation of fundamental fairness." *United States v. Palacios–Martinez*, 845 F.2d 89, 92 (5th Cir.), *cert. denied*, 488 U.S. 844, 109 S.Ct. 119, 102 L.Ed.2d 92 (1988). Torres–Sanchez was not deprived of counsel in violation of his right to due process.

■■■■ Because we find that no deprivation of counsel occurred, we need not reach the prejudice inquiry.[5] Even if we did, we would be compelled to conclude that Torres–Sanchez suffered no prejudice. He was deportable both for a prior entry and for a felony drug trafficking conviction, which he freely admitted at the deportation hearing. In fact, the deportation hearing was held at the Nebraska State Prison where he was confined following his drug conviction. "As a previously convicted drug trafficker, the appellee was presumed to be deportable." *United States v. Perez–Ponce*, 62 F.3d 1120, 1122 (8th Cir.1995) (citing 8 U.S.C. §§ 1101(a)(43) and 1251(a)(2)(A)(iii)) (to be reported at 62 F.3d 1120). " 'If the defendant was legally deportable and, despite the INS's errors, the

5. We also note that Torres–Sanchez's argument setting forth a claim of prejudice was not raised in the district court. "[W]e do not consider

arguments raised for the first time on appeal." *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 734 (8th Cir.1993).

proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326.'" *Id.* at 1122 (quoting *United States v. Galicia-Gonzalez*, 997 F.2d 602, 603 (9th Cir.1993) (other internal quotations omitted).) Thus, he could not have been prejudiced by the alleged procedural defects he claims occurred. We conclude that the deportation proceeding was not fundamentally unfair.

▮ Furthermore, even if Torres-Sanchez had been able to demonstrate a deprivation of counsel and resulting prejudice that amounted to a due process violation, the record demonstrates that he was not effectively robbed of his right to review within the meaning of the second component of *Mendoza-Lopez*. Although Torres-Sanchez did not avail himself of his right to appeal the deportation order, he was informed of that right. The ILJ informed Torres-Sanchez of the right to appeal, inquired whether he wanted to appeal, and reserved ten days for him to decide. Despite his knowledge of the right to appeal, Torres-Sanchez did not file an appeal and consequently did not assert the deprivation of counsel issue on appeal. Thus, he had the opportunity to obtain meaningful review and apparently decided against it. *See United States v. Smith*, 14 F.3d 662, 665 (1st Cir.1994) (holding unsuccessful a collateral attack where alien had been afforded the opportunity to appeal the deportation order but did not appeal on ground that he was deprived of counsel). Torres-Sanchez was not *deprived* of his right to appeal by the absence of counsel. *See Nazakat*, 981 F.2d at 1148 (appearing pro se does not excuse the requirement to file adequate notice of appeal).

### III.

After carefully considering the whole record, we agree with the district court's conclusion that Torres-Sanchez waived his statutory right to counsel and was not deprived of counsel in violation of his right to due process. Consequently, Torres-Sanchez's collateral challenge to the prior deportation proceedings must fail, and the government is not prohibited from using that deportation as a predicate to the section 1326 prosecution.

Accordingly, we affirm the judgment of the district court denying Torres-Sanchez's motion to dismiss the indictment.