UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4721

RIEL CHARLESWELL, a/k/a Riel
Charles Wells,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-97-110-S)

Argued: December 4, 1998

Decided: February 8, 1999

Before HAMILTON and LUTTIG, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Wyda, Assistant Federal Public Defender, Balti-
more, Maryland, for Appellant. Bonnie S. Greenberg, Assistant
United States Attorney, Baltimore, Maryland, for Appellee. **ON
BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, Mary-
land, for Appellant. Lynne S. Battaglia, United States Attorney, Balti-
more, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Riel Charleswell challenges his conviction for reentry by a deported alien in violation of 8 U.S.C. § 1326. Because we conclude that Charleswell was not deprived of his right to judicial review, we affirm.

I.

In 1967, appellant Riel Charleswell immigrated to the United States from the British Virgin Islands. He subsequently became a permanent resident of the United States. On January 6, 1987, Charleswell was convicted in a Maryland state court of possession with intent to distribute marijuana. The Immigration and Naturalization Service (INS) then commenced deportation proceedings. On November 7, 1991, an immigration judge conducted a deportation hearing for Charleswell. At the hearing, the INS alleged that Charleswell was deportable because of his prior conviction. Charleswell conceded that he was deportable, but sought a waiver under section 212(c) of the Immigration and Nationality Act. See 8 U.S.C. § 1182(c) (1994).

The immigration judge denied Charleswell's request for a waiver on two grounds. First, the immigration judge concluded that Charleswell had not been domiciled in the United States for seven consecutive years, as is required to obtain a waiver under section 212(c). In reaching this conclusion, however, the immigration judge erroneously relied on the fact that Charleswell had spent part of the previous seven years in St. Thomas, in apparent ignorance of the fact that St. Thomas is part of the United States Virgin Islands and therefore part of the United States for purposes of section 212(c). See 8 U.S.C. § 1101(a)(38). Second, the immigration judge ruled that, even if Charleswell were eligible for a section 212(c) waiver, Charleswell had failed to establish sufficient equitable grounds to remain in the

2

United States. The immigration judge therefore denied Charleswell's request for a waiver, and Charleswell was deported.

In 1997, law enforcement officials became aware that Charleswell had reentered the United States. On March 20, officers arrested Charleswell pursuant to a valid arrest warrant and searched his residence pursuant to a valid search warrant. In the course of the search, officers recovered a loaded 9-millimeter handgun. On March 27, Charleswell was indicted on two counts of reentry by a deported alien and possession of a firearm by a convicted felon. Charleswell then moved to dismiss the indictment on the ground that his previous deportation was fundamentally unfair. On July 25, the district court denied the motion. On August 29, Charleswell entered a conditional guilty plea and was sentenced to 49 months in prison. Charleswell appeals.

II.

On appeal, Charleswell makes two arguments. First, Charleswell contends that, as a matter of due process, he was entitled to challenge the prior deportation proceeding in the subsequent criminal proceeding on the ground that the prior proceeding was fundamentally unfair. In doing so, Charleswell relies on the Supreme Court's opinion in United States v. Mendoza-Lopez, 481 U.S. 828 (1987). In Mendoza-Lopez, the Supreme Court upheld a collateral challenge to prior deportation proceedings in subsequent criminal proceedings on the grounds that the immigration judge had not adequately informed the aliens of their rights to appeal or to apply for suspension of deportation and that the aliens had not made knowing and intelligent waivers of those rights. See id. at 831-32. The Court held that an alien was entitled, as a matter of due process, to bring a collateral challenge to a fundamentally unfair deportation proceeding, provided that the alien had been effectively deprived of his right to judicial review. See id. at 838-39. As all of the circuit courts to have considered the issue have noted, in order for a collateral challenge to lie under Mendoza-Lopez, an alien must demonstrate both that the prior deportation proceeding was fundamentally unfair and that he had been effectively deprived of his right to judicial review. See , e.g., United States v. Palacios-Martinez, 845 F.2d 89, 91 (5th Cir. 1988); United States v. Espinoza-Farlo, 34 F.3d 469, 471 (7th Cir. 1994); United States v.

3

Torres-Sanchez, 68 F.3d 227, 230 (8th Cir. 1995); United States v. Meraz-Valeta, 26 F.3d 992, 998 (10th Cir. 1994); United States v. Holland, 876 F.2d 1533, 1536 (11th Cir. 1989).

Assuming, arguendo, that appellant's prior deportation proceeding was fundamentally unfair because the immigration judge erroneously believed that St. Thomas was not part of the United States for purposes of section 212(c), we conclude, like the district court, that appellant was not effectively deprived of his right to judicial review. As the district court found, the immigration judge told appellant that he had the right to appeal. J.A. at 35. Although appellant testified before the district court that his attorney recommended that he not appeal, id. at 20-21, 24-25, and may even have refused to handle any appeal, id. at 21, 28, appellant also testified that he knew he could have hired another attorney to pursue an appeal, id. at 24-25, but chose not to do so because "[he] thought[he] would be losing money [by] hiring somebody else," id. at 25. On the basis of appellant's own testimony, and in view of the fact that appellant was a highly educated man who spoke fluent English, id. at 35, we agree with the district court that appellant was not effectively deprived of his right of judicial review, and therefore that the second prong of Mendoza-Lopez was not satisfied.* We therefore reject appellant's due process claim.

III.

Second, Charleswell contends that the statute permitting collateral challenge to a prior deportation proceeding in a subsequent criminal prosecution for reentry by a deported alien, 8 U.S.C. § 1326(d), is

_____

*In a footnote, the Court in Mendoza-Lopez suggested that there may exist "procedural errors . . . so fundamental that they may functionally deprive [an] alien of judicial review." Mendoza-Lopez, 481 U.S. at 839 n.17. The Court suggested that errors such as the use of a coerced confession, bias on the part of the judge, the threat of mob violence, or the knowing use of perjured testimony may constitute such fundamental procedural errors. Id. In this case, however, no such fundamental procedural error exists: instead, the immigration judge simply made a substantive error of law -- albeit an egregious one -- of precisely the sort that could have been corrected on appeal.

unconstitutional because it violates the separation of powers. Section 1326(d) provides:

> In a criminal proceeding under this section, an alien may not challenge the validity of [a prior deportation order] unless the alien demonstrates that --
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Appellant argues that, in enacting section 1326(d), Congress was effectively attempting to overrule the Supreme Court's interpretation of the Due Process Clause in Mendoza-Lopez by requiring an alien seeking to bring a collateral challenge on due process grounds to meet not just the requirements of Mendoza-Lopez, as codified in subsections (2) and (3), but also to exhaust the available administrative remedies, as codified in subsection (1). Appellant contends that Congress' enactment of section 1326(d), with the additional exhaustion requirement, therefore violated the doctrine of separation of powers. Because we conclude that appellant was not deprived of judicial review, however, and thus that subsection (2) was not satisfied, we need not reach the issue of whether Congress' enactment of the additional exhaustion requirement in subsection (1) was unconstitutional. Consequently, we do not address appellant's constitutional claim.

CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED