**UNITED STATES of America,
Plaintiff,**

v.

**Gabriel HERRARA–PEREZ,
Defendant.**

**No. C4–03–24.**

United States District Court,
D. North Dakota,
Northwestern Division.

June 3, 2003.

Richard L. Hagar, Kenner Law Firm, P.C., Minot, ND, for defendant.

Scott J. Schneider, U.S. Attorney's Office, Bismarck, ND, for plaintiff.

## ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL

HOVLAND, Chief Judge.

The Defendant, Gabriel Herrara–Perez ("Herrara–Perez") is charged with illegal reentry of an alien in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). On May 20, 2003, the Herrara–Perez filed a Motion for Dismissal, asserting that these charges are based on underlying deportation proceedings that were fundamentally unfair and invalid on due process grounds. For the reasons outlined below, the motion is denied.

## I. BACKGROUND OF THE CASE

According to the Government's records, on March 18, 1997, Herrara–Perez was convicted of selling cocaine in violation of California state law. Following a Determination of Inadmissability on February 26, 1998, Herrara–Perez was ordered removed from the United States and thereafter deported to Mexico. He subsequently reentered the United States illegally, was caught, and removed from Laredo, Texas to Mexico on November 6, 2000. Herrara–Perez was found again in the United States in March 2003. On April 22, 2003, Herrara–Perez was indicted for illegally reentering the United States a third time. According to the Indictment, he was found in Portal, North Dakota in March 2003.

On May 20, 2003. Herrara–Perez filed a Motion for Dismissal. The basis for the motion is that the current charges are based upon underlying deportation orders that are fundamentally unfair and invalid on due process grounds. Specifically, Herrara–Perez contends that his deportation orders are invalid because he was never afforded a deportation hearing. In response, the Government asserts (1) that is not required to prove, as an element of the offense, the lawfulness of Herrara–Perez's underlying removal order, (2) the lawfulness of such an order does not constitute a basis for dismissal, and (3) Herrara–Perez cannot collaterally attack his removal order.

## II. LEGAL DISCUSSION

8 U.S.C. § 1326 provides for the prosecution of an alien who, having been previously deported and previously convicted of

an aggravated felony, reenters the United States without the consent of the Attorney General. See 8 U.S.C. § 1326(b). Neither the language of Section 1326 nor its legislative history suggests that Congress intended to permit a challenge to the validity of the deportation in a Section 1326 proceeding. See *United States v. Mendoza–Lopez* 481 U.S. 828, 835, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987); see also *United States v. Torres–Sanchez*, 68 F.3d 227, 229 (8th Cir.1995) (proof that the prior deportation was lawful is not required as an element of the offense of illegal reentry). Nevertheless, courts have recognized that such a challenge is required in certain circumstances to ensure due process. *Mendoza–Lopez*, 481 U.S. 828, 835, 107 S.Ct. 2148, 95 L.Ed.2d 772.

■ A defendant facing prosecution for a violation of Section 1326 may collaterally attack the underlying deportation proceedings and prevent the Government from using resulting orders of removal as a basis for conviction if (1) an error in the deportation proceedings rendered the proceedings fundamentally unfair in violation of due process, and (2) the error functionally deprived the alien of the right to judicial review. See *Mendoza–Lopez*, 481 U.S. 828, 840, 107 S.Ct. 2148, 95 L.Ed.2d 772; *United States v. Torres–Sanchez*, 68 F.3d 227, 230; *United States v. Perez–Ponce*, 62 F.3d 1120, 1122 (8th Cir.1995); *United States v. Encarnacion–Galvez*, 964 F.2d 402, 406 (5th Cir.1992). In the Eighth Circuit, "the establishment of a fundamentally unfair hearing in violation of due process requires a showing both of a fundamental procedural error and that the error caused prejudice; an error cannot render a proceeding fundamentally unfair unless that error resulted in prejudice." *Torres–Sanchez*, 68 F.3d 227, 230. In the context of a Section 1326 prosecution, a showing of prejudice means there was a reasonable likelihood that, but for the errors complained of, the defendant would not have been deported. See *United States v. Perez–Ponce*, 62 F.3d 1120, 1122.

■ Herrara–Perez cannot claim a deprivation of his right to judicial review. This is due to the fact that he simply was not entitled to judicial review. Herrara–Perez was removed from the United States to Mexico for having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C) specifically provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [an aggravated felony]."

■ Additionally, Herrara–Perez cannot establish that the underlying orders of removal were fundamentally unfair because he has not demonstrated that he suffered any prejudice. He has not shown that, but for the lack of a hearing, there was a reasonable likelihood that he would not have been deported. See *United States v. Perez–Ponce*, 62 F.3d 1120, 1122.

Exhibits submitted by the Government in response to the Motion for Dismissal indicate that Herrara–Perez was previously convicted for selling cocaine, a controlled substance, in California. See United States Response to Defendant's Motion for Dismissal, Attachments A–C. Such a crime by definition would constitute an aggravated felony. See 8 U.S.C. § 1101(a)(43). Any alien who is convicted of an aggravated felony at any time after admission is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). In the context of an immigration hearing, an alien convicted of an aggravated felony is conclusively presumed to be deportable. See 8 U.S.C. § 1228(c); see also *Perez–Ponce*, 62 F.3d 1120, 1122 (as a previously convicted drug trafficker, the appellee was presumed to be deportable).

## III. CONCLUSION

The Court concludes that the defendant, Herrara–Perez, cannot establish that he was deprived of judicial review to which he was entitled. Further, Herrara–Perez cannot establish that the underlying orders of removal were fundamentally unfair because he has not demonstrated that he suffered any prejudice. Therefore, the Court DENIES Herrara–Perez's Motion for Dismissal (Docket No. 21).

IT IS SO ORDERED.