# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3111
_____

United States of America

*Plaintiff - Appellee*

v.

Ruben Perales Avila, also known as Ruben Parales Avila

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 10, 2013
Filed: July 30, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Ruben Avila appeals from the district court's[1] order denying his motion to dismiss an indictment charging him with unlawful entry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He also appeals his sentence. We affirm.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

## I. Background

Avila, a native of Mexico, entered the United States in 1973 at age three. Thereafter, he was convicted of several criminal offenses in Iowa, including a 1989 conviction for fourth-degree criminal mischief and fourth-degree theft; a 1991 conviction for indecent acts with a child; a 1992 conviction for third-degree sexual abuse; and a 1993 conviction for third-degree harassment.

The Immigration and Naturalization Service (INS) issued Avila an order to show cause in March 1995, alleging that Avila was subject to deportation for committing an aggravated felony and two crimes of moral turpitude. In January 1996, Avila and his attorney appeared before an immigration judge (IJ). The IJ struck the aggravated felony allegation, but found Avila deportable for having been convicted of two crimes of moral turpitude.

Thereafter, Avila sought relief from deportation under former § 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c) (1994) (repealed 1996). Former § 212(c) allowed the Attorney General to grant discretionary waivers of deportation to aliens who met certain criteria. See Johnson v. Holder, 564 F.3d 95, 97 (2d Cir. 2009). In April 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA amended § 212(c) to preclude discretionary relief for aliens convicted of a broad set of crimes, including aggravated felonies.[2] I.N.S. v. St. Cyr, 533 U.S. 289, 297 (2001). Avila appeared with counsel for a May 1996 hearing, during which he withdrew his § 212(c) application and accepted a final deportation order to Mexico.

_____

[2]Later in 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. IIRIRA repealed § 212(c) altogether and "replaced it with a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens[.]" I.N.S. v. St. Cyr, 533 U.S. 289, 297 (2001). This section also precludes relief for any alien convicted of an aggravated felony. Id.

In August 1996, Avila filed a motion to reinstate his § 212(c) application. He asserted that he had withdrawn his previous application because the IJ had opined that the AEDPA's preclusion of § 212(c) relief for aliens convicted of an aggravated felony applied immediately and because the INS indicated that it would seek to reinstate the aggravated felony charge, thereby leaving Avila with "no avenue upon which to pursue relief." Avila argued that in light of the BIA's decision that the AEDPA did not apply to § 212 applications pending on the AEDPA's effective date, In re Soriano, 21 I. & N. Dec. 516 (BIA 1996), he should be allowed to reopen his application. Avila withdrew his motion to reinstate his application after the INS filed an opposition noting that the Attorney General had vacated the In re Soriano decision.[3] Avila was deported to Mexico in July 1997.

In 2000, Avila reentered the United States by claiming that he was a United States citizen. Avila was indicted in 2002 for unlawful entry after deportation and for false representation of United States citizenship. He pleaded guilty to both charges and was sentenced to 71 months' imprisonment in 2003. He did not challenge the validity of his underlying deportation order. After finishing his sentence, Avila was deported in 2008.

Sometime thereafter, Avila reentered the United States. He was convicted of several crimes in Iowa in 2009 and was sentenced to a term of imprisonment. In 2011, as set forth above, a grand jury charged Avila with unlawful entry after deportation. Avila filed a motion to dismiss the indictment, arguing that the underlying 1996 deportation order was invalid under 8 U.S.C. § 1326(d) and that the government was

---

[3]The Supreme Court eventually reversed the Attorney General's decision, holding that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." St. Cyr, 533 U.S. at 326.

thus unable to prove an essential element of the crime. The district court denied Avila's motion, finding: 1) that Avila had failed to exhaust his administrative remedies; 2) that Avila had not demonstrated that he was deprived of his opportunity for judicial review; and 3) that the underlying deportation order was not fundamentally unfair. Avila then pleaded guilty but preserved the right to appeal the denial of his motion to dismiss. The district court calculated a United States Sentencing Guidelines (Guidelines) range of 77 to 96 months' imprisonment. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Avila to 96 months' imprisonment.

## II. Discussion

### A. Denial of Motion to Dismiss

Avila argues that the district court erred in denying his motion to dismiss. "We review the district court's findings of fact for clear error, but we review de novo whether those facts establish a due process defect." United States v. Rodriguez, 420 F.3d 831, 833 (8th Cir. 2005). An alien may collaterally attack the validity of his underlying deportation order if he demonstrates, among other things, that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). "An error cannot render the proceedings fundamentally unfair unless it resulted in actual prejudice." Rodriguez, 420 F.3d at 834.

Avila has failed to establish the requisite prejudice. "Prejudice in this context means 'a reasonable likelihood that but for the errors complained of the defendant would not have been deported.'" United States v. Mendez-Morales, 384 F.3d 927, 931-32 (8th Cir. 2004) (quoting United States v. Perez-Ponce, 62 F.3d 1120, 1122 (8th Cir. 1995)). At the time of the 1996 deportation order, Avila had a significant criminal history, including convictions for sexually abusing two thirteen-year-old boys. Given this history, Avila would need to demonstrate "unusual or outstanding

-4-

equities in order to receive relief" under § 212(c). United States v. Gonzalez-Valerio, 342 F.3d 1051, 1057 (9th Cir. 2003). Although Avila presented some evidence to support his claim of prejudice, the district court correctly determined that he had failed to establish that it was reasonably likely that the Attorney General would have overlooked his serious crimes and granted him discretionary relief.

## B. Sentence

Avila argues that his sentence is unreasonable because it is longer than necessary to achieve the goals of sentencing. "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." United States v. Green, 691 F.3d 960, 966 (8th Cir. 2012). When, as here, the district court imposes a sentence within the Guidelines range, "we presume it is substantively reasonable." United States v. Hoffman, 707 F.3d 929, 936 (8th Cir. 2013).

Avila has failed to overcome the presumption of reasonableness afforded to his within-Guidelines sentence. He argues that the district court should have imposed a lesser sentence because he has spent most of his life in the United States and his family resides here. The district court considered Avila's cultural assimilation, but found that it was outweighed by Avila's criminal conduct. Avila also contends that the district court gave undue weight to his 2003 top-of-the-Guidelines sentence for unlawful entry after deportation. The district court properly considered Avila's earlier sentence, however, in determining that that sentence had not deterred him from reentering illegally and that a sentence at the top of the Guidelines range was thus necessary to deter future criminal conduct. See United States v. David, 682 F.3d 1074, 1077-78 (8th Cir. 2012) ("[T]he district court did not abuse its discretion in considering David's previous sentence as a 'benchmark' for finding the punishment that is apparently necessary to deter David from repeating his criminal behavior."). We find no abuse of discretion in the district court's imposition of sentence.

## III. Conclusion

The judgment and sentence are affirmed.

_____