NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2827
_____

HENRY DOLORES AMAYA-AMAYA
a/k/a
Henrri Dolores Amaya-Amaya,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205-713-426
(Immigration Judge: Annie S. Garcy)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2020

Before:  SHWARTZ, SCIRICA, and COWEN, *Circuit Judges*.

(Filed: May 5, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Henry Dolores Amaya-Amaya challenges the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's (the "IJ") denial of his request for a continuance and his applications for asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3) and the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16. For the reasons discussed below, we will dismiss Amaya's petition to the extent it challenges the denial of his CAT claim and will deny the remainder.

## I.

Amaya is a native and citizen of El Salvador who entered the United States as an unaccompanied minor in March 2013. **A.R. 398**. Removal proceedings were initiated shortly thereafter. **A.R. 397–98.** He was represented by counsel, Cristina Lambert, for the majority of the removal proceedings. **A.R. 61–106**. Amaya conceded the charge of removability, but later applied for asylum and withholding of removal in February 2014. **A.R. 66 (66:16–21)**; **273–339**. In May 2016, the IJ set a merits hearing for February 13, 2018, with evidence due sixty days prior. **A.R. 383–84**.

On January 17, 2018, Ms. Lambert, filed a motion to withdraw, citing Amaya's lack of cooperation in her representation and in providing necessary documents. **A.R. 367–70**. The IJ denied the motion on January 24, 2018. **A.R. 356–58**. Amaya terminated Ms. Lambert on January 29, 2018. **A.R. 351**. Ms. Lambert moved again for withdrawal, which was granted on January 31, 2018. **A.R. 345–62; 340–42**.

Amaya appeared at the February 13, 2018 merits hearing pro se. **A.R. 108, 109**

2

**(108:1–3, 109:12–15)**. At the hearing, he orally requested a continuance to obtain counsel and additional evidence. **A.R. 109 (109:16–19)**. The IJ denied the continuance request and proceeded with the scheduled merits hearing. **A.R. 109 (109:20–25)**. The IJ specifically questioned Amaya about the additional evidence he wished to present. **A.R. 111–114 (111:14–114:20)**. The IJ determined, in her oral opinion, that Amaya had not shown good cause for a continuance and denied his applications for asylum and withholding of removal because he failed to provide evidence that he was persecuted for his association with a protected social group and because he failed to show any past or future threat of torture by a public official. **A.R. 39–53**.

Amaya appealed the IJ's decision to deny a continuance and to deny his applications for asylum and withholding of removal to the BIA. **A.R. 30–33**. On July 12, 2019, the BIA dismissed Amaya's appeal, finding that Amaya's various applications were not prejudiced by the IJ's denial of his motion for a continuance, that the IJ had committed no clear error in denying those applications, and that Amaya had not "meaningfully appealed" the IJ's denial of CAT relief. Admin. R. 3 n.1. Amaya timely filed his petition for review.[1]

## II.

Amaya presents three issues for our consideration: (1) whether the IJ abused her discretion in denying his request for a continuance to secure legal representation; (2) whether the IJ violated his due process rights in denying his request for a continuance to

---

[1] The IJ possessed jurisdiction under 8 C.F.R. § 1208.2(b) and 8 C.F.R. § 208.2(b). The BIA possessed jurisdiction under 8 C.F.R. § 1003.1(b). We possess jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a).

secure legal representation and gather more evidence; and (3) whether the denials of his applications for asylum and withholding of removal were legally erroneous.

## A.

Amaya contends the IJ abused her discretion in denying his request for a continuance in order to retain legal representation. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. We review the BIA's decision affirming the IJ's "decision to deny a continuance . . . for abuse of discretion." *Hashmi v. Att'y Gen.*, 531 F.3d 256, 259 (3d Cir. 2008) (citing *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006)); *see also Bhiski v. Ashcroft*, 373 F.3d 363, 369 (3d Cir. 2004) ("[W]e have previously examined the failure to enter a continuance absent counsel under an abuse of discretion standard."). An abuse of discretion occurs only when a decision "is arbitrary, irrational or contrary to law." *Hashmi*, 531 F.3d at 259. "The question of whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Ponce-Leiva v. Att'y Gen.*, 331 F.3d 369, 377 (3d Cir. 2003) (quoting *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988)).

Amaya contends the IJ's denial of his continuance request was an abuse of discretion because the request was reasonable and the IJ did not consider "the specific events" of his case. Pet'r's Br. 11. More specifically, Amaya contends it was an abuse of discretion to deny his continuance request because (1) the decision was "based solely on the amount of time [Amaya] had to prepare his case" and (2) the decision was made for

4

"case-completion goal[s]." Pet'r's Br. 12.

Amaya is incorrect. The IJ presented three main reasons why a continuance was unnecessary: (1) Amaya was unable to specify what additional evidence he may have been able to obtain in support of his case if given more time; (2) the IJ determined Amaya's case was presented "completely and fully"; and (3) the IJ determined there was nothing "that would have been presented better by an attorney" in Amaya's case. Admin. R. 41–42. As was the case in *Ponce-Leiva*, where similar reasons were given, this is not an abuse of discretion. 331 F.3d at 372, 375 (determining there was no abuse of discretion, in part, because the IJ reasoned counsel would not have benefited the applicant). Accordingly, we will deny Amaya's petition on these grounds.

**B.**

Amaya contends the IJ's denial of his continuance request to retain counsel also violated his due process rights. Separately, Amaya contends the IJ violated his due process rights by not granting him a continuance to gather more evidence.[2]

"We exercise plenary review over procedural due process claims." *Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006) (citing *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005)). Due process entitles aliens "to a full and fair hearing of [their] claims and a reasonable opportunity to present evidence." *Id.* (quoting *Chong v. Dist.*

---

[2] We note a "due process argument [that] merely recasts [an] abuse-of-discretion argument in constitutional terms [] can be denied for the reasons already stated." *Khan v. Att'y Gen.*, 448 F.3d 226, 236 (3d Cir. 2006). Since we have concluded there was no abuse of discretion in denying Amaya's request for a continuance, we conclude here there was no due process violation. For the benefit of the parties and the record, we nevertheless address Amaya's due process arguments.

5

*Dir., INS*, 264 F.3d 378, 386 (3d Cir. 2001)) (alteration in original). Accordingly, Amaya "must show substantial prejudice" in order to prevail on his due process claim. *Id.* (citing *Bonhometre*, 414 F.3d at 448).

As to Amaya's contention that the IJ violated his due process rights by denying him a continuance to secure legal representation, Amaya "must show that the IJ's decision was an abuse of discretion which caused [him] to suffer actual prejudice." *Morgan v. Att'y Gen.*, 432 F.3d 226, 234–35 (3d Cir. 2005) (citing *Ponce-Leiva*, 331 F.3d at 374–77). Amaya was unable to secure counsel in the two weeks between when he terminated Ms. Lambert and his merits hearing. But "the mere inability to obtain counsel does not constitute a violation of due process." *Ponce-Leiva*, 331 F.3d at 376 (quoting *United States v. Torres-Sanchez*, 68 F.3d 227, 231 (8th Cir. 1995)). The denial of Amaya's continuance request was not a violation of Amaya's due process rights.

We also conclude there was no due process violation in denying Amaya's continuance request and preventing him from gathering additional evidence. There is no due process violation in denying a continuance request to gather more evidence where a "[p]etitioner explained neither the relevance . . . nor the reason why [documents] could not be obtained within a reasonable time." *Morgan*, 432 F.3d at 235. At his merits hearing, Amaya was unable to explain (1) what evidence he might gather if given more time, (2) the relevance of that evidence, or (3) why he could not have collected it in the approximately two years he was given. **A.R. 113 (113:24), 383–84.** Even now, Amaya is unable to articulate an answer to these questions or provide the evidence he wished to obtain in 2018. Accordingly, we conclude the denial of Amaya's request for a

6

continuance was not a violation of his right to due process.[3]

## C.

Amaya contends the BIA wrongly concluded he had not shown persecution on the basis of a protected group.[4] **Pet'r's Br. 17–20**. Because the BIA has relied on the "IJ's legal conclusions and findings of fact, we review the IJ's decision and the [BIA]'s decision." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015) (citing *Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009)). As Amaya requests us to review factual findings, we must apply the "substantial evidence" standard. *Id.* (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Accordingly, "we must uphold the agency's determination unless the evidence would compel any reasonable fact finder to reach a contrary result." *Id.* (citing 8 U.S.C. § 1252(b)(4)(B); *Elias-Zacarias*, 502 U.S. at 481 n.1).

---

[3] Amaya also contends he was not provided sufficient notice to corroborate his claims or an opportunity to discuss the absence of corroborating evidence. Amaya's applications were not denied for a failure to corroborate, so this contention is inapposite. *See* Admin. R. 39–48 (concluding that although the IJ believed Amaya's testimony and evidence, Amaya presented insufficient evidence to show he was persecuted because of his association with a protected group); *Saravia v. Att'y Gen.*, 905 F.3d 729, 736 (3d Cir. 2018) (explaining the steps that must be taken by an IJ "when determining that a failure to corroborate undermines the applicant's claim").

[4] The BIA concluded Amaya had "not meaningfully appealed from the Immigration Judge's denial of his application for protection under" CAT. Admin. R. 3 n.1. Because Amaya has not "exhausted all administrative remedies available . . . as of right," we lack jurisdiction to review the Amaya's application for withholding of removal under CAT. 8 U.S.C. 1252(d)(1); *see also Bonhometre*, 414 F.3d at 447 ("To exhaust a claim before the agency, an applicant must first raise the issue before the BIA or IJ, so as to give it 'the opportunity to resolve a controversy or correct its own errors before judicial intervention.'" (quoting *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004)) (internal citation omitted)). Accordingly, we will dismiss the petition to the extent it requests review of the BIA's denial of withholding of removal under CAT.

The BIA found there was "no clear error in the [IJ's] determination that gang members mistreated the respondent to coerce him to join the gang" and not because of his race, religion, nationality, membership in a particular social group, or political opinion, as required under 8 U.S.C. § 1101(a)(42)(A). Admin. R. 4. Amaya has provided no evidence that was overlooked that would show "an essential or principal reason for [his] persecution" was because of his membership in a particular protected group. *Gonzalez-Posadas*, 781 F.3d at 685.

Even though Amaya was required to "provide *some* evidence of [motive], direct or circumstantial," he has not. *Elias-Zacarias*, 502 U.S. at 483. At most, Amaya has shown "[c]onflicts of a personal nature and isolated criminal acts[, which] do not constitute persecution on account of a protected characteristic." *Gonzalez-Posadas*, 781 F.3d at 685 (citing *Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007)). We conclude a reasonable fact finder would not reach a contrary result and will deny Amaya's petition on these grounds.[5] Because withholding of removal requires Amaya to meet an even more exacting standard, we will deny Amaya's petition on those grounds for the same reasons. *See Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011) ("Since [the] standard [for withholding of removal] is more demanding than that governing eligibility for asylum, an alien who fails to qualify for asylum is necessarily ineligible for withholding of removal." (citation omitted)).

---

[5] Amaya also contends age was a "critical factor" in his asylum claim and suggests the IJ and BIA did not give it enough consideration. Pet'r's Br. 19. But Amaya's age does not change the fact that he failed to present evidence that he was persecuted on account of a protected basis.

**III.**

For the reasons stated, we will dismiss Amaya's petition to the extent it challenges the denial of his CAT claim and will deny the remainder.