**UNITED STATES of America,
Appellant,**

v.

**Robert RICHARDS, Appellee.**

No. 82–2180.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1983.
Decided May 31, 1983.

George W. Proctor, U.S. Atty., Sherry P. Bartley, Asst. U.S. Atty., Little Rock, Ark., for appellant.

A. Delbert Mickel, Jr., Little Rock, Ark., for appellee.

Before ARNOLD, BENNETT,* and FAGG, Circuit Judges.

BENNETT, Circuit Judge.

The United States appeals from an order entered by the district court,[1] dismissing the indictment against the defendant-appellee.[2] The district court, applying the *Barker v. Wingo* test, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), held that the defendant-appellee's Sixth Amendment right to a speedy trial had been violated. For the reasons that follow, we reverse the order of the district court and remand with instructions to reinstate the indictment.

I. *Background.*

On June 5, 1979, the Federal Grand Jury for the Eastern District of Arkansas returned an indictment against Roger Coburn, Jerry Arnold, Douglas Crow, and appellee Robert Richards,[3] charging them with conspiracy to distribute and with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1976).[4] By the end of 1979, defendants Coburn, Arnold, and Crow had all either pled guilty or been convicted at trial. The appellee, however, could not be located. The record indicates that, prior to indictment, the United States Marshal's Office in Corpus Christi, Texas, had attempted to serve a grand jury subpoena on appellee at the address listed on his driver's license. This address, which was in Point Comfort, Texas, turned out to be the home of appellee's parents, and they gave no indication that appellee was living there. After the indictment was returned against the appel-

lee, the Marshal's Office, on two occasions, again attempted to find the appellee at his parents' house, but found no one at home. The Marshal's Office informed the police in Point Comfort of the outstanding warrant against appellee.

In May 1982, the Marshal's Office in Little Rock, Arkansas, learned, in the course of a routine check, that appellee had renewed his driver's license and had once again given his parents' address in Point Comfort as his residence. The Little Rock Marshal's Office notified the Marshal's Office in Corpus Christi of this development, and, as a result, appellee was finally arrested in Point Comfort on May 18, 1982. It seems that appellee had actually been residing at his parents' house since June 1979. According to the appellee, he had no knowledge of the indictment prior to his arrest.

The appellee was arraigned in Little Rock, Arkansas, on June 8, 1982, and trial was set for July 8, 1982. On appellee's motion, the district court granted a continuance until September 1, 1982. On August 23, 1982, the appellee moved to dismiss the indictment on the grounds that the 35-month delay between indictment and arrest had deprived him of his Sixth Amendment right to a speedy trial. Specifically, the appellee alleged that the government had failed to arrest him in a timely manner, and that his defense was prejudiced by his inability to recall facts about the alleged criminal incident and by the disappearance of four material witnesses: Bill Gray, Roy Coburn, Jerry Arnold, and Roger Coburn (no relation to Roy Coburn).[5]

---

* The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Hon. William R. Overton, District Judge for the Eastern District of Arkansas.

2. We have jurisdiction over this appeal under 18 U.S.C. § 3731. *See United States v. Quinn,* 540 F.2d 357, 359 n. 1 (8th Cir.1976).

3. The indictment named Robert Richards as a defendant. The appellee's real name is Robert Richard. No issue has been made of this.

4. 21 U.S.C. § 846 provides that—

"Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

5. Bill Gray and Roy Coburn were the owner and manager of the club where appellee worked in 1978. Jerry Arnold and Roger Coburn were co-defendants in the alleged conspiracy.

On September 1, 1982, the district court conducted a hearing on appellee's motion to dismiss and made the following findings:[6]

(1) The reason for the delay in the arrest was that the government was unable to locate the defendant, but that this delay was not chargeable to the government.

(2) The defendant suffered no prejudicial loss of memory in the period since his indictment.

(3) Two of the missing witnesses, Bill Gray and Roy Coburn, were character-type witnesses whose unavailability did not prejudice the defendant.

(4) The other two missing witnesses, co-defendants Jerry Arnold and Roger Coburn, were "crucial defendants" whose unavailability was prejudicial to appellee.

Because it found that the 35-month delay between the indictment and the arrest had prejudiced the appellee's defense, the district court, on September 3, 1982, allowed appellee's motion and dismissed the indictment against him, finding that appellee's Sixth Amendment right to a speedy trial had indeed been violated.

## II. *Discussion.*

As the trial judge correctly noted, post-indictment delay is examined under the test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker,* the Supreme Court adopted a balancing test that requires courts to approach speedy trial cases on an *ad hoc* basis. *Id.* at 530, 92 S.Ct. at 2191. The Court identified four factors that should be considered in determining whether a particular defendant has been deprived of his Sixth Amendment right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. *Id.* None of these factors is regarded as either a necessary or sufficient condition to the finding of a violation of the right to a speedy trial. "Rather, they are related factors and must be considered together with such other circumstances as may be rele-

vant." *Id.* at 533, 92 S.Ct. at 2193. *See also United States v. Jenkins,* 701 F.2d 850, 856 (10th Cir.1983).

The first factor, the length of delay, serves as a triggering device. Unless there is some delay that is presumptively prejudicial, an inquiry into the other factors is unnecessary. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191. In this case, there was a delay of 35 months between indictment and arrest. We agree with the district court that this delay was "presumptively prejudicial" and properly triggered further inquiry. We do not consider this delay, however, to be so inordinately lengthy that it requires the severe remedy of an automatic dismissal. *See Smith v. Mabry,* 564 F.2d 249, 251–52 (8th Cir.1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978), and cases cited.

The second factor to be considered is the reason for the delay. As mentioned above, the district court found that the reason for the delay in the arrest was that the government was unable to locate the appellee, but that this delay was not chargeable to the government. The evidence of record supports the conclusion that the government's delay was neither intentional nor negligent. Therefore, the district court was correct in not weighing this factor against the government in the balancing process. *See United States v. Anderson,* 627 F.2d 161, 163 (8th Cir.), *cert. denied,* 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980).

The third factor in the *Barker* balancing test—the appellee's assertion of his right— has no application here. Appellee has stated that he was unaware of the indictment before his arrest. Consequently, his failure to assert his right to a speedy trial until August 23, 1982, cannot be weighed against him. *See United States v. Jenkins,* 701 F.2d at 857.

The fourth factor to be considered is the prejudice to the defendant. The Supreme Court stated in *Barker* that the prejudice to the defendant should be assessed in

---

**6.** The trial judge announced his findings from the bench and did not issue a written report.

light of the interests that the speedy trial right was designed to protect. These interests include: (1) the prevention of oppressive pretrial incarceration, (2) the minimization of anxiety and concern on the part of the accused, and (3) the limitation of the possibility that the defense will be impaired. *See Barker,* 407 U.S. at 532, 92 S.Ct. at 2192. The facts of this case reveal that appellee was neither incarcerated nor aware of the drug charges against him until his arrest on May 18, 1982. The first two interests to be protected thus played no part in the district court's decision. Instead, the court correctly focused its inquiry on the final, and most important, interest to be protected—the prejudice to the appellee's defense. As stated earlier, the trial judge found that the appellee had not suffered a prejudicial loss of memory, and that two of the four missing witnesses were character-type witnesses whose unavailability did not prejudice the appellee's defense. We agree with the trial judge's conclusions on these issues. The trial judge, however, also found that the unavailability of the two co-defendants, Jerry Arnold and Roger Coburn, had prejudiced appellee's defense. The trial judge found that Arnold and Coburn were "prominent" members of the alleged conspiracy and "crucial defendants." It is on this issue that we respectfully differ with the trial judge.

In order for the appellee to carry his burden of showing prejudice, he must show that the missing witnesses could have supplied material evidence for the defense. *See Smith v. Mabry,* 564 F.2d at 253; *United States v. Quinn,* 540 F.2d 357, 362 (8th Cir.1976). "A missing witness whose testimony cannot help a defendant constitutes a flimsy basis on which to claim prejudice." *Thomas v. United States,* 501 F.2d 1169, 1172 (8th Cir.1974). It was the government's position in this case that the appellee had sold cocaine to Douglas Crow, another co-defendant in the alleged conspiracy. The government did not contend that appellee knew any other member of the alleged conspiracy besides Crow. In fact, during the hearing on appellee's motion to dismiss, both appellant and appellee's counsel orally stipulated to the trial judge that if the co-defendants Arnold and Coburn were available as witnesses, they would testify that "they did not know Robert Richard; they never met him; they never had any conversation with him or any dealing with him." In addition, the appellee does not indicate what additional testimony Arnold and Coburn would have provided in his behalf other than that stipulated to by the parties.

Given these facts, we do not believe that it can be said that the missing witnesses could have supplied material evidence for the defense. Whatever prejudice resulted from the unavailability of Arnold and Coburn was alleviated by the parties' oral stipulation. Any further prejudice seems highly speculative and is unpersuasive. *See United States v. Jenkins,* 701 F.2d at 857; *Thomas v. United States,* 501 F.2d at 1172. We therefore believe that the district court erred in concluding that appellee's defense was prejudiced by the delay; thus, this factor should not have been weighed against the government.

Upon careful consideration of each of the factors discussed above, we conclude that the appellee was not denied his constitutional right to a speedy trial. Although 35 months elapsed between indictment and arrest, we believe that this factor alone is insufficient, under the facts of this case, to require the severe remedy of dismissal.

### III. *Conclusion.*

Accordingly, after thorough consideration of the record and the parties' submissions, we reverse the order of the district court dismissing the indictment against the appellee and remand this case to the district court with instructions to reinstate the indictment.