# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1664

_____

United States of America

*Plaintiff - Appellee*

v.

Petra Santos-Pulido

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 29, 2016
Filed: March 8, 2016

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

RILEY, Chief Judge.

Petra Santos-Pulido, a native and citizen of Mexico, illegally entered the United States on May 21, 2010, hoping to find work. A few days later, she encountered U.S. Department of Homeland Security (DHS) border-patrol agents in Tucson, Arizona. As required by 8 U.S.C. § 1225(a)(1), the border-patrol agents treated Santos-Pulido as "an applicant for admission." Records of the encounter indicate a border-patrol agent advised Santos-Pulido in Spanish of her rights and took

her sworn statement regarding her entry into the United States. Santos-Pulido reported she sought work and a better life in the United States but had no reason to fear returning to Mexico. Based on Santos-Pulido's sworn statement and her lack of valid entry documents, DHS determined Santos-Pulido was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and removed her from the United States. See 8 U.S.C. § 1225(b)(1)(A)(i)-(B)(iii) (requiring expedited removal absent a request for asylum or a "credible fear of persecution"). Before Santos-Pulido returned to Mexico, DHS advised her of the penalties for illegally reentering the United States.

Santos-Pulido nonetheless illegally reentered the United States three times in June 2010. Each time, DHS reinstated the original removal order and removed Santos-Pulido, communicating to her in Spanish the basis for removability and her right to contest DHS's determination. See 8 U.S.C. § 1231(a)(5). On two of those occasions, Santos-Pulido pled guilty in the Southern District of Texas to entering the United States unlawfully in violation of 8 U.S.C. § 1325(a)(1), receiving a sentence of time served for the first conviction and ten days for the second.

Four years later, Santos-Pulido was a passenger in a car involved in an accident in Cedar Rapids, Iowa. Immigration officers later arrested Santos-Pulido for reentering the United States without authorization.

On August 13, 2014, a grand jury charged Santos-Pulido with one count of being found in the United States after removal in violation of 8 U.S.C. § 1326(a). On September 12, 2014, Santos-Pulido moved to dismiss the indictment, arguing the underlying removal order violated her Fifth Amendment right to due process under the U.S. Constitution because DHS failed "to explain in Spanish all of [Santos-Pulido's] rights that she would be giving up in a [sic] expedited removal order" and failed "to allow her to withdraw her application for admission."

-2-

The district court[1] initially scheduled a motion hearing but, upon reviewing the briefs, determined a hearing was unnecessary. On September 29, 2014, the district court denied Santos-Pulido's motion because she could not "show that entry of the removal order was fundamentally unfair." See 8 U.S.C. § 1326(d)(3) (permitting collateral attacks on a removal order used to support a conviction under 8 U.S.C. § 1326(a) if the alien demonstrates "the entry of the order was fundamentally unfair"). Closely reviewing the administrative record, the district court concluded DHS had "adequately explained in Spanish the rights [Santos-Pulido] was giving up."

With respect to Santos-Pulido's claimed right to withdraw her application, the district court pointed out Santos-Pulido "provide[d] no authority in support of her argument that one subject to expedited removal has a right to withdraw an application for admission." Noting 8 C.F.R. § 1235.4 instead (1) gives the Attorney General discretion to "permit any alien applicant for admission to withdraw his or her application for admission in lieu of . . . expedited removal," and (2) clarifies "nothing in this section shall be construed as to give an alien the right to withdraw his or her application for admission," the district court determined Santos-Pulido had no right to withdraw her application and DHS had no duty to advise her of the Attorney General's discretion to permit withdrawal.

Santos-Pulido conditionally pled guilty to illegal reentry, reserving the right to challenge the district court's order. The district court sentenced Santos-Pulido to time served (181 days).

In accordance with her plea agreement, Santos-Pulido appeals the district court's denial of her motion to dismiss the indictment. Santos-Pulido contends the

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

district court erred in concluding, without an evidentiary hearing, that her original removal order "did not violate her right to due process."

"We review de novo the district court's denial of [Santos-Pulido's] motion to dismiss" the indictment. United States v. Torres-Sanchez, 68 F.3d 227, 229 (8th Cir. 1995). To prove the expedited removal proceeding was "fundamentally unfair in violation of due process," Santos-Pulido must show both "a fundamental procedural error" and actual prejudice. Id. at 230. In evaluating Santos-Pulido's due process claim, "[w]e review the district court's findings of fact for clear error, but we review de novo whether those facts establish a due process defect." United States v. Rodriguez, 420 F.3d 831, 833 (8th Cir. 2005). We review the district court's decision to resolve the motion to dismiss without a hearing for the abuse of discretion. See United States v. Pierre, 795 F.3d 847, 852 (8th Cir. 2015).

Having carefully reviewed the record and the parties' submissions, we conclude the district court did not err in denying Santos-Pulido's motion to dismiss without a hearing. We agree with the district court that Santos-Pulido failed to establish a due process violation. See Torres-Sanchez, 68 F.3d at 230.

Notwithstanding her assertions to the contrary, Santos-Pulido's due process claim does not turn on a factual dispute about her removal proceeding, nor is it based upon alleged translation errors or Santos-Pulido's alleged inability to understand the border-patrol agent's "poor [Spanish] interpretation."[2] Rather, Santos-

---

[2]Santos-Pulido concedes she "cannot establish poor interpretation," attributing that failure to the lack of an evidentiary hearing. But Santos-Pulido not only fails to adduce any competent evidence even hinting at improper translation, see, e.g., Tun v. Gonzales, 485 F.3d 1014, 1030 (8th Cir. 2007) ("[E]vidence of improper translation may include direct evidence of mistranslated words, evidence that a witness is unable to understand a translator, or unresponsive answers from a witness."), Santos-Pulido also fails to describe any probative evidence of prejudicial

-4-

Pulido's due process claim is based on her fallacious legal argument that she had the "right to withdraw her application for admission at the border," see 8 C.F.R. § 1235.4; Escudero-Corona v. INS, 244 F.3d 608, 615 (8th Cir. 2001) (explaining an alien does not have a constitutional right to discretionary relief), and her uncontested factual assertion that she would have sought to exercise that "right" and voluntarily requested return to Mexico, "[i]f she had been properly advised." The district court properly rejected that claim without further factual development. See Polanco-Gomez, 841 F.2d at 237-38 ("A hearing is not required if a dispute can be resolved on the basis of the record.").

We affirm the judgment of the district court.

————————————————

translation errors she would have elicited at an evidentiary hearing. Cf. United States v. Polanco-Gomez, 841 F.2d 235, 237 (8th Cir. 1988) (finding, in the absence of a supporting affidavit, "nothing in the record indicate[d] that [an alien] could not understand the interpreter's Spanish translation" where the alien "never indicated that he could not understand the" questions posed, "responded appropriately," and "acknowledged that he understood the interpreter").