# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3251

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Aguilar Escobar, also known as Tony Aguilar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 15, 2020
Filed: August 14, 2020

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Antonio Aguilar Escobar, a citizen of Mexico, was charged with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] denied his motion to dismiss the indictment. ***United States v. Escobar***, 2018 WL

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

6566001, at *6 (D. Neb. Nov. 30, 2018), *report and recommendation adopted,* 2018 WL 6529487, at *1 (D. Neb. Dec. 12, 2018), *reconsideration denied,* 2019 WL 2075840, at *2 (D. Neb. May 9, 2019). The district court found him guilty in a bench trial. He appeals the denial of the motion to dismiss. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

On January 9, 1996, while serving a 54-month prison sentence for carjacking, Escobar was personally served an order to show cause. It charged he was subject to deportation[2] for conviction of a crime involving moral turpitude—the carjacking—with a sentence to confinement of at least one year. The order required he appear for a deportation hearing. For the hearing's address, date, and time, the order said, "To be calendared and notice provided by the Executive Office for Immigration Review." Escobar signed the order, acknowledging receipt. He requested an immediate hearing, waiving his right to a 14-day notice.

The hearing was held two days later. Escobar attended. The immigration judge determined he was deportable for the carjacking. The written deportation order indicated that Escobar "made no application" for relief from deportation, and waived his right to appeal. He was deported to Mexico on February 11, 1996.

In 2018, 22 years later, Escobar was arrested in Nebraska and charged with illegal reentry into the United States. The district court denied his motion to dismiss the indictment. ***Escobar***, 2018 WL 6529487, at *1. After a bench trial, the district court found him guilty. Escobar appeals the denial of the motion to dismiss.

---

[2]In 1996, this procedure was called "deportation." *See* **8 U.S.C. § 1252b (1996)** ("Deportation procedures"). It is now called "removal." *See* **8 U.S.C. § 1229** ("Initiation of removal proceedings").

This court reviews de novo the denial of a motion to dismiss an indictment. ***United States v. Santos-Pulido***, 815 F.3d 443, 445 (8th Cir. 2016) (reviewing denial of motion to dismiss based on defendant's collateral attack of removal order).

## II.

Escobar argues the 1996 deportation order was invalid. An alien charged with illegal reentry may not collaterally attack the underlying deportation order unless: (1) "the alien exhausted any administrative remedies that may have been available to seek relief against the order"; (2) "the deportation proceedings . . . improperly deprived the alien of the opportunity for judicial review"; and (3) "entry of the order was fundamentally unfair." **8 U.S.C. § 1326(d)**. Escobar must satisfy all three elements. *See* ***United States v. Mendez-Morales***, 384 F.3d 927, 929 (8th Cir. 2004) (noting that § 1326(d) requires all three elements). "The defendant bears the burden of proof in such challenges." ***United States v. Saucedo***, 956 F.3d 549, 554 (8th Cir. 2020). Escobar does not meet his burden on any of the elements.

## A.

"A defendant who knowingly and voluntarily waives his right to appeal a removal order fails to exhaust his administrative remedies and is barred from collaterally attacking that removal order in a future prosecution under 8 U.S.C. § 1326." ***Id.*** at 554-55 (holding alien failed to exhaust administrative remedies because he did not appeal underlying removal order). Before this court, Escobar does not challenge his knowing and voluntary waiver of his right to appeal the deportation order. *See* **Fed. R. App. P. 28(a)(8)** (requiring appellant's brief to include "the argument, which must contain . . . appellant's contentions and the reasons for them"). He has failed to exhaust his administrative remedies.

At oral argument, Escobar asserted he need not exhaust his administrative remedies if they are inadequate, inefficacious, futile, or the administrative proceedings

themselves are void. Because his brief on appeal does not develop this argument about excusal from the exhaustion requirement, this court need not consider it. *See id.*; *United States v. Roberts*, 881 F.3d 1049, 1053 (8th Cir. 2018) (refusing to consider argument because defendant did not develop it in brief).

## B.

Aliens may seek judicial review of a final order of removal under 28 U.S.C. § 158. **8 U.S.C. § 1252(a)(1)**. "A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." **§ 1252(d)(1)**. Escobar did not exhaust his administrative remedies because he did not appeal his deportation order to the Board of Immigration Appeals (BIA). *See Saucedo*, 956 F.3d at 555. The deportation proceedings did not improperly deprive him of the opportunity for judicial review. *See United States v. Rodriguez*, 420 F.3d 831, 834-35 (8th Cir. 2005) (holding deportation proceedings did not deprive alien of right to judicial review because he failed to appeal deportation order "to the BIA and, if unsuccessful there, to a court of appeals")*, applying* **8 U.S.C. § 1326(d)(2)**.

## C.

An "error cannot render a proceeding fundamentally unfair unless that error resulted in prejudice." *United States v. Espinal*, 956 F.3d 570, 574 (8th Cir. 2020). A defendant must demonstrate "actual prejudice—that but for those errors, there was a reasonable likelihood he would not have been deported." *Id.* at 575.

Escobar was deported for conviction of "a crime involving moral turpitude" and a sentence to "confinement . . . for one year or longer" (54 months). To "involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Bakor v. Barr*, 958 F.3d 732, 735 (8th Cir. 2020). Reprehensible conduct is "conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to

society in general." ***Id.*** A "culpable mental state" is satisfied by "intent, purpose, or knowledge." ***Id.*** If the elements of an offense necessarily fit the BIA's generic definitions, the crime involves moral turpitude. ***Reyna v. Barr***, 935 F.3d 630, 632 (8th Cir. 2019).

Escobar was convicted of carjacking under California Penal Code § 215(a). "'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, . . . against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." **Cal. Penal Code § 215(a)**. California's carjacking offense shares nearly identical elements with robbery—a crime involving moral turpitude. *Compare **id.*** (carjacking)*, with* **§ 211** ("Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."). *See **People v. Corpening***, 386 P.3d 379, 382 & 382 n.2 (Cal. 2016) (barring punishment for both carjacking and robbery "for the same act which constitutes a violation of both" statutes)*, quoting* **Cal. Penal Code § 215(c)**. California's robbery offense is a crime involving moral turpitude, as the BIA has specifically determined. ***Mendoza v. Holder***, 623 F.3d 1299, 1303 (9th Cir. 2010)*, citing **Matter of G-R-***, 2 I. & N. Dec. 733, 734 (B.I.A. 1946)*, and **Matter of Kim***, 17 I. & N. Dec. 144, 145 (B.I.A. 1979). *See also **United States v. Teng Jiao Zhou***, 815 F.3d 639, 644 (9th Cir. 2016) (agreeing). Escobar was convicted of a crime involving moral turpitude.

Escobar can not show prejudice because he was "clearly eligible for deportation" for his carjacking conviction. *See **United States v. Perez-Ponce***, 62 F.3d 1120, 1122 (8th Cir. 1995) (holding defendant who was "clearly eligible for deportation" did not show prejudice because he was deported for an undisputed prior felony conviction). Any errors in Escobar's deportation proceedings cannot render the proceedings fundamentally unfair. *See **Espinal***, 956 F.3d at 575 (holding alien did not show actual prejudice from notice-to-appear that did not list date and time of

hearing).  Escobar does not distinguish *Espinal*, instead asking only that this panel "rule another way."  However, only the en banc court can overrule a prior panel's decision.  ***Mader v. United States***, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).  Escobar can not show that the deportation order was fundamentally unfair.

Escobar cannot collaterally attack the deportation order.

III.

Even if Escobar could collaterally attack the deportation order, his attack fails.  He argues the immigration court lacked jurisdiction because the order to show cause lacked the address, date, and time of his hearing.  He cites case law on the stop-time rule (not implicated here).  *See generally **Pereira v. Sessions***, 138 S. Ct. 2105, 2115 (2018) (holding a notice-to-appear must include the time and place of the removal hearing to invoke the stop-time rule under 8 U.S.C. § 1229b(d)(1)).

Escobar's argument on jurisdiction is controlled by *Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019).  This court there held that jurisdiction vests if the applicable rule is satisfied, even if the notice to appear lacks the time and place of the removal proceeding.  ***Ali***, 924 F.3d at 986 (holding that *Pereira* does not prevent jurisdiction from vesting in immigration courts).  At the time of Ali's proceedings (and today), the rule states, "Jurisdiction vests . . . when a charging document is filed with the Immigration Court."  *See **id.**, quoting* **8 C.F.R § 1003.14(a)**.  A "charging document" is "the written instrument which initiates a proceeding before an Immigration Judge," including a "Notice to Appear."  **8 C.F.R § 1003.13**.  *See **Ali***, 924 F.3d at 986 (holding immigration court had jurisdiction because rule was satisfied, even though notice-to-appear lacked the time and place).

The rule was nearly identical at the time of Escobar's proceedings.  "Jurisdiction vests . . . when a charging document is filed with the Immigration Court."  **8 C.F.R. § 3.14(a) (1996)**.  A "charging document" was "the written

instrument which initiates a proceeding before an Immigration Judge," including an "Order to Show Cause." **§ 3.13 (1996)**. For an order to show cause, the rule did not require including the address, date, or time of the hearing. **§ 3.15(a), (b) (1996)**. Escobar cannot distinguish his case from *Ali*. *See Ali*, 924 F.3d at 986. Escobar requests this court extend *Peirera* to make time-and-place a jurisdictional requirement for an order to show cause, overruling *Ali*. However, only the en banc court can overrule a prior panel's decision. *See, e.g.,* ***Rodriguez de Henriquez v. Barr***, 942 F.3d 444, 446 (8th Cir. 2019) (declining to overrule *Ali*)*, citing* ***Mader***, 654 F.3d at 800; ***Apolinar v. Barr***, 945 F.3d 1072, 1076 (8th Cir. 2019) (same); ***Abdi Omar v. Barr***, 962 F.3d 1061, 1063 (8th Cir. 2020) (same); ***Reyna v. Barr***, 935 F.3d 630, 632 (8th Cir. 2019) (same).

The immigration court had jurisdiction over Escobar's deportation proceedings. The district court did not err in denying his motion to dismiss the indictment.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____