# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2201
_____

United States of America

*Plaintiff - Appellee*

v.

Roger Rachon Cooley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: February 15, 2023
Filed: March 28, 2023

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

A grand jury indicted Roger R. Cooley. He moved to dismiss for violation of his Sixth Amendment right to a speedy trial. The district court[1] denied his motion. A unanimous jury found him guilty of conspiracy to possess with intent to distribute

---

[1]The Honorable Peter D. Welte, United States District Judge for the District of North Dakota.

(and distribute) a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. Cooley appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

On August 21, 2019, a grand jury indicted Roger R. Cooley and eight other defendants. Within two days, an arrest warrant for Cooley issued and was entered into the National Crime Information Center system by the Federal Bureau of Investigation.

About 14 months later, the FBI discovered that, due either to human or technical error, the arrest warrant was removed from the NCIC system around February 28, 2020—about six months after the warrant issued. The FBI then reentered the warrant into the NCIC system. On October 20, 2020, the United States Marshals Service was assigned Cooley's arrest warrant. In February 2021, the USMS confirmed his address. He was arrested March 16, 2021, arraigned March 20, and scheduled for trial on July 13.

After three continuances—including two by Cooley's co-defendants (to which Cooley did not object)—trial was rescheduled. Cooley moved to dismiss on December 28, 2021, asserting his Sixth Amendment right to a speedy trial. The district court denied the motion on January 19, 2022, without holding an evidentiary hearing. Cooley moved for reconsideration. On January 24, the district court, after a "limited evidentiary hearing," denied reconsideration. The jury trial began on January 25. The jury unanimously found Cooley guilty.

Cooley appeals, alleging the district court erred by not holding an evidentiary hearing on his motion to dismiss, and by denying his motion to dismiss for violation of his Sixth Amendment right to speedy trial.

## II.

Cooley argues that the district court abused its discretion by not holding an evidentiary hearing on his motion to dismiss. *See* ***United States v. Santos-Pulido***, 815 F.3d 443, 445 (8th Cir. 2016) ("We review the district court's decision to resolve the motion to dismiss without a hearing for the abuse of discretion."). "A district court must hold an evidentiary hearing only when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact." ***United States v. Stevenson***, 727 F.3d 826, 830 (8th Cir. 2013) (motion to suppress). "A hearing is not required if a dispute can be resolved on the basis of the record." ***Santos-Pulido***, 815 F.3d at 446, *quoting* ***United States v. Polanco-Gomez***, 841 F.2d 235, 237-38 (8th Cir. 1988).

Denying the motion for reconsideration, the district court found that Cooley's moving papers were not sufficiently definite, specific, and detailed to establish a contested issue of fact. He contends that the moving papers established contested facts about: (i) the cause for the delay in his arrest, (ii) the oppressiveness of his pretrial incarceration, (iii) his anxiety about the charges and possible punishments, and (iv) the degree of prejudice due to the delay. But, as the district court observed: "The majority of these assertions are unsupported by evidence, either affidavit or otherwise." *See* ***United States v. Saucedo***, 956 F.3d 549, 554 (8th Cir. 2020) ("On appeal, [defendant] does not identify any facts in the record, such as the dates or other factual circumstances of his detention, that are actually in dispute. Rather, he contests certain inferences that can be drawn from those facts and the district court's legal conclusion . . . . Further, [defendant] does not identify what evidence, if any, he would have presented to the district court had it held an evidentiary hearing."); ***Stevenson***, 727 F.3d at 831 ("Where a defendant offers only conclusory allegations in support of a motion . . . and where those allegations are unsupported by any citation to the record, a district court does not abuse its discretion by refusing to hold an evidentiary hearing.").

The district court, "in the interests of fundamental fairness," held a limited evidentiary hearing on the motion to reconsider. Cooley submitted four factual affidavits from his sister, investigator, mother, and himself. According to the affidavits, he has a learning disability, lived with his mother in Detroit, Michigan for eight years, did not know of the arrest warrant, and law enforcement had not stopped by his residence since the indictment. The evidence did not establish a contested issue of fact.

The motion to dismiss, and even the limited evidentiary hearing, addressed only contested inferences and legal conclusions, not facts. *See Saucedo*, 956 F.3d at 554. The district court did not abuse its discretion by not holding an evidentiary hearing on Cooley's motion to dismiss.[2]

### III.

Cooley alleges that the government violated his Sixth Amendment right to a speedy trial.[3] "We review the district court's findings of fact on whether a

---

[2]The government repeatedly notes that Cooley requested only oral argument, not an evidentiary hearing. The government states that the standard of review is abuse of discretion; it does not raise "whether the district court's failure to hold an evidentiary hearing sua sponte constitutes plain error." *Bath Junkie Branson, LLC v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008) (applying both abuse of discretion and plain error review to a district court's decision not to hold a sua sponte evidentiary hearing on a motion to enforce a settlement). Here, the district court neither abused its discretion nor committed plain error by not holding an evidentiary hearing. *See id.* ("[T]he district court had no basis to believe that either party desired an evidentiary hearing or had even suggested that the submission of additional evidence, beyond that accompanying their motions, would be necessary or helpful. Under these circumstances, the district court's decision not to hold an evidentiary hearing was not an abuse of discretion.") ("Based on the record before the district court, there was no substantial factual dispute . . . and the district court did not err by deciding not to hold an evidentiary hearing sua sponte.").

[3]On appeal, Cooley does not assert a violation of the Speedy Trial Act. *See* **18 U.S.C. § 3161**; *United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002)

-4-

defendant's right to a speedy trial was violated for clear error but review its legal conclusions de novo." *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007).

"The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009). "Initially, we must determine whether the delay between indictment and [defendant's] motion to dismiss was presumptively prejudicial." *United States v. Summage*, 575 F.3d 864, 875 (8th Cir. 2009), *citing* **Doggett v. United States**, 505 U.S. 647, 651-52 (1992). "If so, we proceed to analyze the four factors governing the Sixth Amendment's speedy trial protections under *Barker v. Wingo*, 470 U.S. 514 (1972)." *Id.*

The delay between Cooley's indictment and motion to dismiss—about 28 months—is presumptively prejudicial. *See **United States v. Jeanetta**, 533 F.3d 651, 656 (8th Cir. 2008) ("A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors."); **Doggett**, 505 U.S. at 652 n.1 ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year.").

The *Barker* factors present a four-factor test that balances: "Length of delay, the reason for the delay, the defendant's assertion of his [speedy trial] right, and prejudice to the defendant." ***Barker***, 407 U.S. at 530.

Under the first *Barker* factor, this court considers "whether delay before trial was uncommonly long." ***Aldaco***, 477 F.3d at 1019. A delay of 29 months—the total time from indictment to trial—is a lengthy but not extraordinary delay. *See **United States v. Mallett**, 751 F.3d 907, 914 (8th Cir. 2014) ("First, we acknowledge seventeen months is a lengthy delay. But our court, under the Sixth Amendment,

_____

("Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another.").

has permitted even longer delays."), *citing **Summage***, 575 F.3d at 870, 876 (over 32 months); ***Aldaco***, 477 F.3d at 1018-20 (40 months). *See also **United States v. Walker***, 92 F.3d 714, 717 (8th Cir. 1996) (37 months); ***United States v. Richards***, 707 F.2d 995, 998 (8th Cir. 1983) (35 months).

The district court properly found, "On balance, the first factor weighs in Cooley's favor, but not heavily."

"Under the second *Barker* factor, we consider the reasons for the delay and evaluate 'whether the government or the criminal defendant is more to blame.'" ***United States v. Erenas-Luna***, 560 F.3d 772, 777 (8th Cir. 2009), *quoting **Doggett***, 505 U.S. at 651. "We weigh an intentional delay by the government heavily against it. We weigh negligence by the government less heavily but still regard such negligence as a considerable factor in the weighing process." ***Id.*** "We weigh delay caused by the defense against the defendant." ***Id.*** "In *Doggett*, the Supreme Court indicated that appellate courts are to treat with 'special deference' a district court's determination concerning whether the government was negligent." ***Walker***, 92 F.3d 718, *quoting **Doggett***, 505 U.S. at 652.

The period from Cooley's indictment to his arrest is 19 months of the total 29-month delay. The 10-month period of post-arrest delay was primarily due to motions for continuance submitted by the government and Cooley's co-defendants (for health concerns). For 8 of the first 19 months, Cooley's warrant had been removed from the NCIC database. The district court found no evidence that the government negligently or intentionally delayed prosecution. Although this court treats this finding with special deference, human or technical error resulting in the removal of Cooley's warrant from the NCIC database was the fault of the government.

But this error is attributable only to negligence. There is no evidence that the government intentionally caused any delay. *See **United States v. Shepard***, 462 F.3d 847, 864 (8th Cir. 2006). *See also **Barker***, 407 U.S. at 531 ("A more neutral reason such as negligence . . . should be weighted less heavily but nevertheless should be

-6-

considered . . . ."); ***Williams***, 557 F.3d at 949 ("While any negligence is not weighted as heavily against the prosecution as deliberately dilatory tactics, it would nonetheless fall 'on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun.'"), *quoting **Doggett***, 505 U.S. at 657. The negligent error accounts for only 8 of the 29 months of delay. The FBI reentered Cooley's arrest warrant into the NCIC system the same day the error was discovered. Except for that error, there is no evidence in the record that the government acted negligently in pursuing Cooley.

Because government negligence resulted in 8 of the 29 months of delay, the second *Barker* factor favors Cooley, but not heavily.

"The third *Barker* factor considers whether in due course the defendant asserted his right to a speedy trial." ***Erenas-Luna***, 560 F.3d at 778. "In *United States v. Richards*, where the defendant was unaware of his indictment until his arrest but later raised a speedy-trial claim, we similarly held that the third *Barker* factor had no application and merely '[could] not be weighed against [the defendant].'" ***Id.*** (alterations in original), *quoting **United States v. Richards***, 707 F.2d 995, 997 (8th Cir. 1983). The district court found that Cooley undeniably asserted his right to a speedy trial. This factor is neutral. *See **id.*** ("Applying this precedent, we agree with the district court that the third *Barker* [factor] weighs in neither party's favor.").

"The final *Barker* factor—prejudice—considers whether the defendant suffered prejudice as a result of the delay." ***United States v. Rodriguez-Valencia***, 753 F.3d 801, 807 (8th Cir. 2014). "The extent to which a defendant must demonstrate prejudice under this factor depends on the particular circumstances." ***Erenas-Luna***, 560 F.3d at 778. "A showing of actual prejudice is required if the government exercised reasonable diligence in pursuing the defendant." ***Id.*** at 778-79. *See also **United States v. Flores-Lagonas***, 993 F.3d 550, 565 (8th Cir. 2021) ("In cases without government negligence, however, we have required the defendant to show actual or specific prejudice."). "Where the government has been negligent,

however, prejudice can be presumed if there has been an excessive delay." ***Erenas-Luna***, 560 F.3d at 779, *citing* ***Doggett***, 505 U.S. at 656-58.

> This factor is assessed "in the light of the interests of defendants which the speedy trial right was designed to protect. . . . (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."

***Rodriguez-Valencia***, 753 F.3d at 807-08 (alteration in original), *quoting* ***Barker***, 407 U.S. at 532.

Here, the 8-month delay from government negligence "was not so great that we are able to discount [defendant's] inability to show particularized prejudice from that delay." ***United States v. Sims***, 847 F.3d 630, 636-37 (8th Cir. 2017) (holding a 12-and-a-half-month delay caused by government negligence insufficient for presumption where defendant could not show prejudice). *See* ***Williams***, 557 F.3d at 950 (same for 16-month delay caused by government negligence); ***Doggett***, 505 U.S. at 657 ("[T]o warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice."); ***Rodriguez-Valencia***, 753 F.3d at 808 (holding that, even though the six-year delay was excessive, "the government pursued [defendant] with reasonable diligence" and he failed to "show actual or specific prejudice"). *Cf.* ***Erenas-Luna***, 560 F.3d at 780 (remanding a case for application of presumptive prejudice where "serious negligence of the government" resulted in "a three-year delay between [defendant's] indictment and arraignment"). Except for the 8-month delay, there is no evidence in the record that the government acted negligently in pursuing Cooley. These facts do not warrant a presumption of prejudice.

Cooley alleges actual prejudice in the oppressiveness of his pretrial incarceration and his anxiety from the charges and possible punishments. But his pretrial incarceration was prolonged, in part, due to his codefendants' motions for continuance, to which he did not object. Cooley offers nothing to demonstrate "that

the delay weighed particularly heavily on him in specific circumstances." *Morris v. Wyrick*, 516 F.2d 1387, 1391 (8th Cir. 1975). *See also Shepard*, 462 F.3d at 865 ("Anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served."). Cooley "has failed to show that the delay was unusually burdensome or oppressive to him." *Williams*, 557 F.3d at 949-50.

Cooley did not offer evidence that the delay resulted in a loss of evidence or witness testimony, or any impediment to his ability to mount a defense. *See Aldaco*, 477 F.3d at 1019 ("[H]e has not made any showing of how his defense was impaired by the lengthy delay."). The district court properly concluded: "This factor weighs heavily against Cooley."

Based on the *Barker* factors, the government was negligent in failing to maintain Cooley's arrest warrant in the NCIC system, but the government's negligence accounted for only 8 of the 29 months of delay and did not prejudice Cooley's defense. "Negligence by the government requires toleration by the courts that 'varies inversely with its protractedness . . . and its consequent threat to the fairness of the accused's trial.'" *Williams*, 557 F.3d at 950, *quoting Doggett*, 505 U.S. at 657.

The present case illustrates the Court's wisdom in establishing a balancing test.

> The speedy-trial right is "amorphous," "slippery," and "necessarily relative." It is "consistent with delays and depend[ent] upon circumstances." In *Barker*, the Court refused to "quantif[y] the right "into a specified number of days or months" or to hinge the right on a defendant's explicit request for a speedy trial." Rejecting such "inflexible approaches," *Barker* established a "balancing test, in which the conduct of both the prosecution and the defendant are weighed."

***Vermont v. Brillon***, 556 U.S. 81, 89-90 (2009) (alterations in original), *quoting* ***Barker***, 407 U.S. at 522, 522-25, 529, 530.  *See also* ***Erenas-Luna***, 560 F.3d at 779 ("'We cannot definitely say how long is too long,' and there is 'no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months.'  As a result, 'any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case.'"), *quoting* ***Barker***, 407 U.S. at 521-23.

"Here, because the delay was not of such length to eliminate the need to show particularized prejudice and because there is no evidence that the delay impeded [Cooley's] defense or threatened to deprive him of a fair trial, we conclude that there was no Sixth Amendment violation."  *See* ***Williams***, 557 F.3d at 950.  The district court properly denied Cooley's motion to dismiss.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____