# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1266

_____

United States of America

*Plaintiff - Appellee*

v.

Derik Ashley Otero

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: October 20, 2023
Filed: December 28, 2023
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

On October 7, 2020, a federal grand jury indicted Otero on one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). At that time, Otero was in the custody of the Iowa Department of Corrections, serving a state sentence for a parole violation.

On November 10, 2020, Otero informed prison staff that he had received a letter regarding a federal detainer. Otero was confused by the reference to a detainer and asked prison staff "what's that mean?" Prison staff advised Otero that a federal detainer refers to pending federal charges. Otero then sent a letter to the Johnson County Clerk of District Court in Iowa, stating: "I have been made aware that I have [a] detainer in your county." The Johnson County Clerk of District Court responded to Otero on January 26, 2021, informing him that there was not a detainer on him from Johnson County. On January 6, 2022, the United States Marshals Service provided a copy of the detainer to Otero. The detainer stated that Otero had "the right to demand speedy trial." Otero refused to sign the document.

On March 4, 2022, Otero was released from state prison. His initial appearance on his federal charge occurred thirteen days later. Trial was scheduled for May 2, 2022, approximately eighteen months after his indictment. Otero filed a motion to dismiss the indictment, asserting that his Sixth Amendment right to a speedy trial had been violated. The district court[1] denied the motion. Otero eventually conditionally pleaded guilty, wherein he preserved the right to appeal the denial of the motion to dismiss. *See* Fed. R. Crim. P. 11(a)(2). The district court then sentenced Otero to 84 months' imprisonment. Otero appeals.

In speedy-trial challenges, we review the district court's findings of fact for clear error and its legal conclusions *de novo*. *United States v. Cooley*, 63 F.4th 1173, 1177 (8th Cir. 2023). The defendant's right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002). When evaluating a defendant's speedy-trial claim, we balance the four *Barker* factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

We first consider the length of delay. Our consideration "requires a double inquiry: (1) whether the length of delay was presumptively prejudicial such that it triggers the [remainder of the] *Barker* analysis, and, if triggered, (2) the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *United States v. Johnson*, 990 F.3d 661, 670 (8th Cir. 2021). Here, there was a delay of approximately eighteen months between Otero's indictment and scheduled trial. This delay was presumptively prejudicial. *See United States v. Walker*, 840 F.3d 477, 485 (8th Cir. 2016) (holding that a delay of approximately eleven and a half months was presumptively prejudicial). However, the delay did not stretch far beyond the bare minimum needed to trigger judicial examination of the claim. *See United States v. Mallett*, 751 F.3d 907, 914 (8th Cir. 2014) ("[W]e acknowledge seventeen months is a lengthy delay. But our court, under the Sixth Amendment, has permitted even longer delays."); *Cooley*, 63 F.4th at 1178 (finding a delay of twenty-nine months to be "lengthy but not extraordinary"). This factor, therefore, weighs only slightly in Otero's favor.

We next consider the reason for the delay, evaluating "whether the [G]overnment or the criminal defendant is more to blame." *Doggett v. United States*, 505 U.S. 647, 651 (1992). Otero does not contend that the Government intentionally delayed the federal proceedings; rather, he argues that the Government was negligent for failing to commence the federal proceedings while he was in state custody. The Government does not appear to dispute its negligence, arguing instead that this factor should not be weighted heavily against it. We agree that this factor weighs only slightly in Otero's favor. *See Barker*, 407 U.S. at 531 (holding that a "deliberate attempt to delay the trial . . . should be weighted heavily against the [G]overnment," while a "more neutral reason such as negligence . . . should be weighted less heavily but nevertheless should be considered").

We next consider whether Otero asserted his right to a speedy trial. Otero inquired about the detainer to prison staff and the Johnson County Clerk of District Court. However, he failed to assert his right when presented with the detainer in January 2022 even though the detainer informed Otero that he had "the right to

-3-

demand speedy trial." Otero also did not object to the scheduled trial date at his arraignment. *See United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (weighing the third *Barker* factor against the defendant where the defendant "made no attempt to have his case brought to trial sooner"). Although Otero later raised a speedy-trial claim, this fact alone has little bearing on the third *Barker* factor. *See Mallett*, 751 F.3d at 914 (holding that the defendant's "substantial contributions to the pretrial delay belie[d] his later attempts to assert his speedy trial rights"). This factor weighs in the Government's favor.

We lastly consider whether Otero suffered prejudice due to the eighteen-month delay. Otero contends that no actual proof of prejudice is required because the eighteen-month delay was presumptively prejudicial. We reject this contention. *See Doggett*, 505 U.S. at 652 n.1 (holding that presumptive prejudice "does not necessarily indicate a statistical probability of prejudice"); *United States v. Brown*, 325 F.3d 1032, 1035 (8th Cir. 2003) (requiring the defendant to show proof of actual prejudice even when the delay was presumptively prejudicial). Thus, Otero must show that the delay actually prejudiced him.

In evaluating a defendant's claim of actual prejudice, we must consider the need "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Otero did not suffer oppressive pretrial incarceration as he was incarcerated in state prison until March 4, 2022. His initial appearance on the federal charge occurred only thirteen days later. Although Otero claims he suffered stress and anxiety due to the delay, he fails to show that the delay weighed particularly heavily on him in specific instances. *See Morris v. Wyrick*, 516 F.2d 1387, 1391 (8th Cir. 1975) ("Anxiety and concern of the accused are undoubtedly present to some degree in every case. However, that alone does not establish prejudice where . . . the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." (citation omitted)). Furthermore, Otero does not claim that his defense was impaired by the delay. This factor, therefore, weighs heavily in the Government's favor.

Although two of the *Barker* factors weigh slightly in Otero's favor, we conclude that the district court did not err in denying Otero's motion to dismiss. Otero failed to assert his right to a speedy trial, and, importantly, suffered little to no prejudice due to the delay. Accordingly, we affirm.

_____