# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1130
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Christopher Anders

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 9, 2023
Filed: February 9, 2023
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Jeffrey Anders appeals his sentence of 300 months' imprisonment, contending that the district court[1] misclassified him as a career offender under U.S.S.G. § 4B1.1 and imposed a substantively unreasonable sentence. We affirm.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

In April 2021, investigators with the Drug Enforcement Agency arranged for a confidential source to conduct a controlled buy of 10 pounds of methamphetamine from Anders. When Anders arrived at the agreed-upon location, investigators arrested him and seized a handgun and 4.5 kilograms of methamphetamine from his person. An additional 8.9 kilograms of methamphetamine was later seized during a consensual search of Anders's residence.

Anders was charged with, and pleaded guilty to, conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). The presentence investigation report designated him a career offender under U.S.S.G. § 4B1.1 based on two prior Arizona convictions for attempted possession of a dangerous drug for sale. Anders objected, arguing that inchoate offenses are not included within the definition of "controlled substance offense" under § 4B1.2(b) and therefore do not trigger § 4B1.1's career-offender guideline.

At sentencing, Anders conceded that the district court was bound by our decision in *United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995) (en banc), to find that his two Arizona convictions qualified as predicate offenses under § 4B1.1. The court then found that Anders qualified as a career offender and determined that his advisory sentencing guidelines range was 292 to 365 months' imprisonment on the conspiracy count plus a mandatory consecutive term of 60 months' imprisonment on the firearm count, for a total range of 352 to 425 months' imprisonment. Anders urged the court to impose a below-guidelines sentence, citing as mitigating factors his nonviolent criminal history, acceptance of responsibility, drug addiction, and traumatic childhood. Ultimately, the court imposed a 240-month sentence on the conspiracy count (a 52-month downward variance from the bottom of the guidelines range) and a 60-month sentence on the firearm count, to be served consecutively, for a total sentence of 300 months' imprisonment.

We begin with Anders's contention that his Arizona convictions are not "controlled substance offense[s]" because the statutory definition does not include inchoate offenses. *See* § 4B1.2(b). As the district court recognized, this argument is foreclosed by our decision in *Mendoza-Figueroa*, and we have repeatedly rejected it. *See United States v. Roberts*, 975 F.3d 709, 718 (8th Cir. 2020). Anders urges us to overturn *Mendoza-Figueroa*, but that is a decision for the *en banc* court, not us. *See United States v. Escobar*, 970 F.3d 1022, 1026 (8th Cir. 2020). The district court therefore did not err in determining that Anders qualified as career offender under § 4B1.1.

As for Anders's substantive-reasonableness argument, we conclude that the district court did not abuse its discretion in imposing a below-guidelines sentence of 300 months' imprisonment. *See United States v. Anwar*, 880 F.3d 958, 973 (8th Cir. 2018). First, we presume that a below-guidelines sentence is not substantively unreasonable. *United States v. Barraza*, 982 F.3d 1106, 1116 (8th Cir. 2020). Further, the record indicates that the district court thoroughly discussed the applicable sentencing factors under 18 U.S.C. § 3553(a). Although Anders insists that the district court undervalued mitigating factors such as his drug addiction and troubled childhood, the court gave these factors significant weight and consequently imposed a 52-month downward variance. "[I]t is nearly inconceivable that the court abused its discretion in not varying downward still further." *See Anwar*, 880 F.3d at 973. In sum, Anders's sentence is not substantively unreasonable.

Accordingly, we affirm Anders's sentence.

_____